IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 1, 2008

Charles R. Fulbruge III
Clerk

No. 06-31054
Summary Calendar

CHARLES CARLTON WALL

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CV-1641

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In October 1997, Petitioner-Appellant Charles Carlton Wall, Louisiana prisoner # 240914, was convicted by a jury of second-degree murder and sentenced to life imprisonment. We granted Wall a certificate of appealability to appeal the district court's judgment denying his 28 U.S.C. § 2254 application on his claim of racial discrimination against African-Americans in the process for selection of the Tangipahoa Parish grand jury forepersons at the time of his indictment. Wall asserts on appeal that he has standing to raise an equal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

protection and due process challenge to that selection process and that he has made a prima facie showing of racial discrimination in it. The Respondent-Appellee counters that we may not review the merits of Wall's claim because the documents he submitted to support it were not authenticated pursuant to the Federal Rules of Evidence and were therefore inadmissible. We review the district court's findings of fact for clear error and its conclusions of law de novo, applying the same standard of review to the state court's decision as the district court. Martinez v. Johnson, 255 F.3d 229, 237 (5th Cir. 2001).

The district court denied Wall's instant discrimination claim because (1) he lacked standing for failing to show an "injury in fact" under Campbell v. Louisiana, 523 U.S. 392, 397-98 (1998), and (2) he failed to show intentional racial discrimination under Guillory v. Cain, 303 F.3d 647 (5th Cir. 2002). Both of the court's conclusions are erroneous. The Supreme Court held in Campbell that "[r]egardless of his or her skin color, the accused suffers a significant injury in fact when the composition of the grand jury is tainted by racial discrimination." 523 U.S. at 398. The Court concluded that "Campbell, like any other white defendant, has standing to raise an equal protection challenge to discrimination against black persons in the selection of his grand jury." Id. at 400. Accordingly, Wall has standing under Campbell to raise the instant challenge.

In Guillory, the petitioner had already established a prima facie case of discrimination, so the relevant issue was whether the State had borne its burden of rebutting the presumption of discrimination by showing that objective, racially neutral criteria were used in the selection process. 303 F.3d at 650. In this case, Wall's claim was denied before the district court ever reached the question whether he had made a prima facie case of discrimination.

In light of the foregoing analysis, the district court's denial of Wall's § 2254 application on his claim of racial discrimination in Tangipahoa Parish's process for selecting the grand jury foreperson is VACATED, and this case is

REMANDED to the district court for further proceedings consistent with this opinion.